SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ISRAEL BERGER & ASSOCIATES, LLC,

        Plaintiff,

-against-

MARK BAKER and
IBA CONSULTING AND ENGINEERING, PLLC,

        Defendants.

---

Index No. 107185/07
Date purchased: 5-22-07

**SUMMONS**
Plaintiff designates
New York County
as place of Trial

The basis of venue is:
Plaintiff's principal place
of business

Plaintiff's principal place of
business: 232 Madison
Avenue, 7th Floor,
New York, NY 10016

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and to serve a copy of your answer, or, if the verified complaint is not served with this summons, to serve a notice of appearance, on plaintiff's attorneys within twenty (20) days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Dated: New York, New York
      May 21, 2007



NEW YORK
COUNTY CLERK'S OFFICE

MAY 22 2007

GREENBERG, TRAGER & HERBST, LLP
Attorneys for Plaintiff
767 Third Avenue, 12th Floor
New York, NY 10017
212-688-1900

By: _____
Kalvin Kamien

Defendants' Addresses:

Mark Baker
c/o IBA Consulting and Engineering, PLLC
299 Broadway, Suite 1605
New York, NY 10007

IBA Consulting and Engineering, PLLC
299 Broadway, Suite 1605
New York, NY 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
ISRAEL BERGER & ASSOCIATES, LLC,

        Plaintiff,                      Index No.

    v.                                 **VERIFIED COMPLAINT**

MARK BAKER and
IBA CONSULTING AND ENGINEERING, PLLC,

        Defendants.
---------------------------------------------------------------X

        Plaintiff Israel Berger & Associates, LLC, by its attorneys, Greenberg, Trager & Herbst, LLP, as and for its complaint herein allege as follows:

        1.        Plaintiff Israel Berger & Associates, LLC (hereinafter referred to as "plaintiff" or "IBA"), at all relevant times hereto is a Delaware limited liability company duly authorized to conduct business in the State of New York, with its principal place of business located at 232 Madison Avenue, 7th Floor, New York, New York 10016. IBA is successor in interest to Israel Berger & Associates, Inc., a domestic business corporation. Israel Berger, a non-party, is a principal of IBA.

        2.        Upon information and belief, at all relevant times hereto, defendant Mark Baker ("Baker") conducts business in the State of New York and is a resident of the State of New York.

        3.        Upon information and belief, at all times relevant hereto, defendant IBA Consulting and Engineering, PLLC ("IBA Consultants") was and still is a domestic professional service limited liability company duly formed pursuant to the laws of the State of New York with its principal place of business located at 299 Broadway, Suite 1605, New York, New York 10007.

### Factual Background

4. IBA is a long recognized consulting and inspection group specializing in building envelope technologies, providing services to developers, property owners, architects, and construction managers. The firm provides these services at all stages of construction: from conception to completion. IBA has been engaged in this business since its inception in 1994.

5. From 1994 through the present, the "IBA" service mark has remained a part of plaintiff's business. Defendant Baker, a former employee of companies associated with IBA, knew, or should have known, that the "IBA" mark was the property of plaintiff and Israel Berger, individually. Mr. Baker was personally aware that the "I" and "B" in "IBA" stand for Israel Berger.

6. On or about January 2, 2007, defendant IBA Consultants, through its principal, Baker, opened an office in New York, home to IBA's principal place of business.

7. Since that date, IBA Consultants and Baker have held themselves out in extensive internet advertising, publications, and otherwise, as conducting much of the same business as IBA. Such actions were intentional, and designed to palm off defendants' services and business as that of IBA.

### First Cause of Action

8. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "7" with the same force and effect as if hereinafter set forth in full.

9. New York General Business Law §360 (b) defines a "service mark" to mean "any word, name, symbol, or device or any combination thereof used by a person to identify and

distinguish the services of one person, including a unique service, from the services of others, and to indicate the source of the services, even if that source is unknown."

10. Since its inception in 1994, plaintiff Israel Berger & Associates, LLC has used the IBA acronym as a trade name in the United States and throughout the world. This includes, and is not limited to, IBA business conducted in New York, Miami, Las Vegas, Argentina, Israel, France, and Germany. In written correspondence with clients and potential clients, architectural details and sketches, its internet website (www.ibany.com), email addresses (all company employee email end with @ibany.com), and various marketing materials, the IBA acronym has become synonymous with Israel Berger & Associates, LLC over the past thirteen (13) years.

11. In addition to the IBA acronym, the use of the letters I, B, and A (IBA) as a logo have accompanied the company from its inception through today. Even as its logo has undergone modern revisions on several occasions, the IBA letters remained the company's service mark. Throughout the years and subsequent alterations to its logo, the public has maintained the understanding that IBA is synonymous with Israel Berger & Associates, LLC. IBA's service mark has been developed around Mr. Israel Berger's own personal initials from the time of his company's formation through the present day.

12. Actions for trade name infringements are designed to protect coined trademarks such as Mr. Berger's IBA service mark. The more distinctive and unique the mark, the greater is the need to protect it and its unique characteristics. The distinctive characteristics and prevalence of the IBA mark has grown as plaintiff has ascended to the forefront of its field.

13. Based on the foregoing, defendants' unlawful misuse of plaintiff's IBA service mark in New York State and other locations has damaged the plaintiff in an amount estimated to be not less than five million ($5,000,000.00) dollars.

## Second Cause of Action

14. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "13" with the same force and effect as if hereinafter set forth in full.

15. Defendants' entrance into IBA's home market has coincided with the contemporaneous entrance of the name "IBA Consulting," thereby creating the presence of two IBAs in the New York market.

16. New York's General Business Law §133 provides:

> "No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes or for the purposes of the trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm, or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation;"

Defendants' entrance into the New York construction market has created confusion amongst plaintiff's clients and potential clients.

17. Defendants knew, or should have known, that their entrance into a market where IBA has its principal place of business could, at the very least, pose the possibility of confusion in the marketplace. This maneuver was to gain traction in the market by utilizing the IBA name's sterling reputation as the class of its industry to wretch business away from the plaintiff.

18. Based on the foregoing, defendants' intentional, negligent, and tortious conduct has caused and continues to cause plaintiff irreparable damage. Plaintiff estimates these ongoing damages to be in the sum of at least five million ($5,000,000.00) dollars.

### Third Cause of Action

19. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "18" with the same force and affect as if hereinafter set forth in full.

20. Defendants have been unjustly enriched by their illegal and improper conduct. By marketing the IBA mark to a public accustomed to the service mark belonging to the plaintiff, defendants have benefited financially at the plaintiff's expense. In doing so, they have been unjustly enriched and should not be entitled to retain those benefits.

21. Based on the foregoing, plaintiff is entitled to receive all amounts by which defendants have and continue to be unlawfully enriched by their use of plaintiff's IBA mark from January 2, 2007 to the present, in the sum of at least five million ($5,000,000.00) dollars.

### Fourth Cause of Action

22. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "21" with the same force and affect as if hereinafter set forth.

23. The Lanham Act, 15 U.S.C. §1125(a), makes any person who "uses in commerce any name, symbol, or any combination thereof…which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

24. Defendants used the plaintiff's mark in a region of the country where it would cause confusion or mistake as to the relationship between the parties. The IBA mark is

5

associated with the plaintiff in the construction field throughout the Northeast United States and elsewhere. To permit defendants to remain in the marketplace using the plaintiff's mark, when they are conducting a substantially similar business, has caused and continues to cause considerable damage to the plaintiff's reputation and business practice.

25. Based on the foregoing, plaintiff is entitled to damages in the amount of five million ($5,000,000.00) dollars and an order prohibiting defendants from use of plaintiff's mark in New York State and all locations where the IBA mark is linked with plaintiff in the local business community.

### Fifth Cause of Action

26. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "25" with the same force and affect as if hereinafter set forth.

27. Defendants' use of the IBA service mark was designed to misappropriate a commercial advantage belonging to plaintiff, i.e., plaintiff IBA's sterling reputation in the construction industry.

28. Defendants' use of the IBA service mark has caused, and is likely to cause, confusion in the mind of the public between plaintiff and defendants.

29. Defendants' use of the IBA service mark has caused, and is likely to cause, damage to plaintiff's reputation, prestige and good will.

30. By virtue of their activities and by virtue of their use of the IBA service mark, defendants have caused, and are likely to cause, the diminution and dilution of plaintiff's reputation, prestige and good will.

31. The defendants, knowing they have appropriated to themselves the valuable service mark of plaintiff, have continued to engage in the aforementioned acts in violation of IBA's rights.

32. Defendants' use of the IBA service mark constitutes unfair competition.

33. Based on the foregoing, plaintiff is entitled to damages in the amount of twenty five million ($25,000,000.00) dollars and an order prohibiting defendants from use of plaintiff's mark in New York State and all locations where the IBA mark is linked with plaintiff in the local business community.

### Sixth Cause of Action

34. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "33" with the same force and affect as if hereinafter set forth.

35. Both New York General Business Laws §133 and §360-l and Lanham Act §1125(c)(1) permit this Court to issue injunctive relief to enjoin and restrain such actual or threatened injury to business reputation as is alleged in this complaint. When an infringement of a mark or presence of unfair competition or confusion as to the source of the services provided creates a likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name, then injunctive relief is permitted.

36. Plaintiff is entitled to a permanent injunction which enjoins defendants from using the IBA mark in any capacity in all locations where the name is linked with the plaintiff in the local business community.

37. Irreparable harm is present here because, without injunctive relief, plaintiff will lose control of its reputation because its service mark will be in defendants' hands. Defendants'

use of the plaintiff's IBA name is also likely to cause confusion, mistake, and/or deception in the marketplace.

38. By reason thereof, a permanent injunction should issue that defendants be forever enjoined and restrained from utilizing the IBA mark in any business relationships and in any marketing, distributions, e-mails or advertising in all locations where the IBA mark is linked with plaintiff in the local business community.

WHEREFORE, plaintiff demands judgment against defendants as follows:

(A) As to the first cause of action, as against all defendants, the sum of not less than five million ($5,000,000) dollars;

(B) (B) As to the second cause of action, as against all defendants, the sum of not less than five million million ($5,000,000) dollars;

(C) As to the third cause of action, as against all defendants, the sum of not less than five million ($5,000,000) dollars;

(D) As to the fourth cause of action, as against all defendants, the sum of not less than five million ($5,000,000) dollars and prohibiting defendants from use of plaintiff's mark in New York State and at all locations where the IBA mark is linked with plaintiff in the local business community;

(E) As to the fifth cause of action, as against all defendants, the sum of not less than twenty five million ($25,000,000) dollars and prohibiting defendants from use of plaintiff's mark in New York State and at all locations where the IBA mark is linked with plaintiff in the local business community;

(F) As to the sixth cause of action as against all defendants, permanently enjoining and restraining the defendants, and all those acting upon their behalf, from utilizing the IBA mark in

8

(G)   Together with reasonable attorneys' fees, costs, disbursements, interest and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      May 21, 2007

                              GREENBERG, TRAGER & HERBST, LLP
                              Attorneys for Plaintiff
                              767 Third Avenue, 12th Floor
                              New York, NY 10017
                              212-688-1900

                      By: _____
                                 Kalvin Kamien

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

    Marc Weissbach, being duly sworn, states that he is the Vice President of plaintiff Israel Berger & Associates, LLC in this action, which is a limited liability company created under and by virtue of the laws of the State of New York; that he has read the foregoing complaint and knows the contents thereof; that the same is true to his knowledge except as to matters therein stated upon information and belief and as to those matters he believes it to be true.

                                                     Marc Weissbach

Sworn to before me this
21st day of May, 2007

_____
NOTARY PUBLIC

GREGORY M. HARRIS
Notary Public, State of New York
No. 01HA6006388
Qualified in Kings County
Commission Expires May 4, 20 10

10