FILE COPY

GREENBERG, TRAGER & HERBST, LLP
Kalvin Kamien, Esq. (KK 1186)
*Attorneys for Plaintiff*
767 Third Avenue - 12th Floor
New York, New York 10017
(212) 688-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISRAEL BERGER & ASSOCIATES, LLC,

              Plaintiff,

      v.

MARK BAKER and
IBA CONSULTING AND ENGINEERING, PLLC,

             Defendants.
-----------------------------------------------------------------X

Civil Action No. 07 CV 5648 (RMB)

**AMENDED COMPLAINT**

[Stamp: RECEIVED JUN 1 8 2007 U.S.D.C. S.D.N.Y. CASHIERS]

      Plaintiff Israel Berger & Associates, LLC, by its attorneys, Greenberg, Trager & Herbst, LLP, as and for its amended complaint herein alleges as follows:

      1.    Plaintiff Israel Berger & Associates, LLC (hereinafter referred to as "plaintiff" or "IBA"), at all relevant times hereto is a Delaware limited liability company duly authorized to conduct business in the State of New York, with its principal place of business located at 232 Madison Avenue, 7th Floor, New York, New York 10016. IBA is successor in interest to Israel Berger & Associates, Inc., a domestic business corporation. Israel Berger, a non-party, is a principal of IBA.

      2.    Upon information and belief, at all relevant times hereto, defendant Mark Baker ("Baker") conducts business in the State of New York and is a resident of the State of New York.

3. Upon information and belief, at all times relevant hereto, defendant IBA Consulting and Engineering, PLLC ("IBA Consultants") was and still is a domestic professional service limited liability company duly formed pursuant to the laws of the State of New York with its principal place of business located at 299 Broadway, Suite 1605, New York, New York 10007.

## Factual Background

4. IBA is a long recognized consulting and inspection group specializing in building envelope technologies, providing services to developers, property owners, architects, and construction managers. The firm provides these services at all stages of construction: from conception to completion. IBA has been engaged in this business since its inception in 1994.

5. From 1994 through the present, the "IBA" service mark has remained a part of plaintiff's business. Defendant Baker, a former employee of companies associated with IBA, knew, or should have known, that the "IBA" mark was the property of plaintiff and Israel Berger, individually. Mr. Baker was personally aware that the "I" and "B" in "IBA" stand for Israel Berger.

6. On or about January 2, 2007, defendant IBA Consultants, through its principal, Baker, opened an office in New York, home to IBA's principal place of business.

7. Since that date, IBA Consultants and Baker have held themselves out in extensive internet advertising, publications, and otherwise, as conducting much of the same business as IBA. Such actions were intentional, and designed to palm off defendants' services and business as that of IBA.

## First Cause of Action

8. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "7" with the same force and effect as if hereinafter set forth in full.

9. New York General Business Law §360 (b) defines a "service mark" to mean "any word, name, symbol, or device or any combination thereof used by a person to identify and distinguish the services of one person, including a unique service, from the services of others, and to indicate the source of the services, even if that source is unknown."

10. Since its inception in 1994, plaintiff Israel Berger & Associates, LLC has used the IBA acronym as a service mark in New York. In written correspondence with clients and potential clients, architectural details and sketches, its internet website (www.ibany.com), email addresses (all company employee email end with @ibany.com), and various marketing materials, the IBA acronym has become synonymous with Israel Berger & Associates, LLC over the past thirteen (13) years.

11. In addition to the IBA acronym, the use of the letters I, B, and A (IBA) as a logo have accompanied the company from its inception through today. Even as its logo has undergone modern revisions on several occasions, the IBA letters remained the company's service mark. Throughout the years and subsequent alterations to its logo, the public has maintained the understanding that IBA is synonymous with Israel Berger & Associates, LLC. IBA's service mark has been developed around Mr. Israel Berger's own personal initials from the time of his company's formation through the present day.

3

12. Actions for service mark infringements are designed to protect coined service marks such as Mr. Berger's IBA service mark. The more distinctive and unique the mark, the greater is the need to protect it and its unique characteristics. The distinctive characteristics and prevalence of the IBA mark have grown as plaintiff has ascended to the forefront of its field.

13. Based on the foregoing, defendants' unlawful misuse of plaintiff's IBA service mark has damaged the plaintiff in an amount estimated to be not less than five million ($5,000,000.00) dollars.

## Second Cause of Action

14. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "13" with the same force and effect as if hereinafter set forth in full.

15. Defendants' entrance into IBA's home market has coincided with the contemporaneous entrance of the name "IBA Consulting," thereby creating the presence of two IBAs in the New York market.

16. New York's General Business Law §133 provides:

> "No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes or for the purposes of the trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm, or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation;"

Defendants' entrance into the New York construction market has created confusion amongst plaintiff's clients and potential clients.

17. Defendants knew, or should have known, that their entrance into New York, where IBA has its principal place of business could, at the very least, pose the possibility of confusion in the marketplace. This maneuver was to gain traction in the market by utilizing the IBA name's sterling reputation as the class of its industry to wretch business away from the plaintiff.

18. Based on the foregoing, defendants' intentional, negligent, and tortious conduct has caused and continues to cause plaintiff irreparable damage. Plaintiff estimates these ongoing damages to be in the sum of at least five million ($5,000,000.00) dollars.

## Third Cause of Action

19. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "18" with the same force and effect as if hereinafter set forth in full.

20. Defendants have been unjustly enriched by their illegal and improper conduct. By marketing the IBA mark to a public accustomed to the service mark belonging to the plaintiff, defendants have benefited financially at the plaintiff's expense. In doing so, they have been unjustly enriched and should not be entitled to retain those benefits.

21. Based on the foregoing, plaintiff is entitled to receive all amounts by which defendants have and continue to be unlawfully enriched by their use of plaintiff's IBA mark from January 2, 2007 to the present, in the sum of at least five million ($5,000,000.00) dollars.

Fourth Cause of Action

22. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "21" with the same force and effect as if hereinafter set forth.

23. Defendants' use of the IBA service mark was designed to misappropriate a commercial advantage belonging to plaintiff, i.e., plaintiff IBA's sterling reputation in the construction industry.

24. Defendants' use of the IBA service mark has caused, and is likely to cause, confusion in the mind of the public between plaintiff and defendants.

25. Defendants' use of the IBA service mark has caused, and is likely to cause, damage to plaintiff's reputation, prestige and good will.

26. By virtue of their activities and by virtue of their use of the IBA service mark, defendants have caused, and are likely to cause, the diminution and dilution of plaintiff's reputation, prestige and good will.

27. The defendants, knowing they have appropriated to themselves the valuable service mark of plaintiff, have continued to engage in the aforementioned acts in violation of IBA's rights.

28. Defendants' use of the IBA service mark constitutes unfair competition.

29. Based on the foregoing, plaintiff is entitled to damages in the amount of twenty five million ($25,000,000.00) dollars and an order prohibiting defendants from use of plaintiff's mark.

Fifth Cause of Action

30. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "29" with the same force and effect as if hereinafter set forth.

31.  New York General Business Laws §133 and §360-l permit this Court to issue injunctive relief to enjoin and restrain such actual or threatened injury to business reputation as is alleged in this complaint. When an infringement of a mark or presence of unfair competition or confusion as to the source of the services provided creates a likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name, then injunctive relief is permitted.

32.  Plaintiff is entitled to a permanent injunction, which enjoins defendants from using the IBA mark in any capacity.

33.  Irreparable harm is present here because, without injunctive relief, plaintiff will lose control of its reputation because its service mark will be in defendants' hands. Defendants' use of the plaintiff's IBA name is also likely to cause confusion, mistake, and/or deception in the marketplace.

34.  By reason thereof, a permanent injunction should issue that defendants be forever enjoined and restrained from utilizing the IBA mark in any business relationships and in any marketing, distributions, e-mails or advertising.

**WHEREFORE**, plaintiff demands judgment against defendants as follows:

(A)  As to the first cause of action, as against all defendants, the sum of not less than five million ($5,000,000) dollars;

(B)  As to the second cause of action, as against all defendants, the sum of not less than five million ($5,000,000) dollars;

(C)  As to the third cause of action, as against all defendants, the sum of not less than five million ($5,000,000) dollars;

(D) As to the fourth cause of action, as against all defendants, the sum of not less than twenty five million ($25,000,000) dollars and prohibiting defendants from use of plaintiff's mark;

(E) As to the fifth cause of action as against all defendants, permanently enjoining and restraining the defendants, and all those acting upon their behalf, from utilizing the IBA mark in any business relationships, and in any marketing, distributions, e-mails or advertising;

(F) Together with reasonable attorneys' fees, costs, disbursements, interest and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 15, 2007

> GREENBERG, TRAGER & HERBST, LLP
> Attorneys for Plaintiff
> 767 Third Avenue, 12th Floor
> New York, NY 10017
> 212-688-1900
>
> By: _____
>        Kalvin Kamien (KK 1186)

GREENBERG, TRAGER & HERBST, LLP
Kalvin Kamien, Esq. (KK 1186)
*Attorneys for Plaintiff*
767 Third Avenue - 12th Floor
New York, New York 10017
(212) 688-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ISRAEL BERGER & ASSOCIATES, LLC,

        Plaintiff,                            Civil Action No. 07 CV 5648 (RMB)

        v.

MARK BAKER and
IBA CONSULTING AND ENGINEERING, PLLC,

        Defendants.
------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

      This is to certify that the foregoing Amended Complaint was served this 15th day of June, 2007, by facsimile and Federal Express, on the following:

David B. Newman, Esq.
Day Pitney LLP
Attorneys for Defendants
Times Square Tower
7 Times Square
New York, New York 10036-7311
Facsimile: (212) 916-2940

_____
Kalvin Kamien, Esq.